Justice Alito,
with whom The Chief Justice joins, dissenting.
The Court’s disposition of this case represents a misuse of our authority to grant, vacate, and remand (GVR). The decision of the Court of Appeals plainly rests on two independent grounds: first, that petitioner procedurally defaulted his claim that the judge, bailiff, and jurors had an inappropriate relationship that impaired his right to a fair trial and, second, that petitioner’s claim failed on the merits. See 554 *229 F. 3d 923, 936 (CA11 2009). While it is true that the first of these grounds is inconsistent with Cone v. Bell, 556 U. S. 449, 466-467 (2009), there is no basis for vacating the decision below unless some recent authority or development provides a basis for reconsideration of the second ground as well. But the per curiam identifies no such authority. Instead, the per curiam uses Cone as a vehicle for suggesting that the Court of Appeals should reconsider its decision on the merits of petitioner’s claim.
In order to defend this disposition, the per curiam refuses to credit the Court of Appeals’ explanation of the basis of its decision. The Court of Appeals twice stated in unequivocal terms that its holding on the merits of petitioner’s claim was independent of its holding on the question of procedural default. See 554 F. 3d, at 937-938 (“[E]ven if these claims were properly before us on habeas review, we would not disturb the Georgia Supreme Court’s conclusion on the merits of these claims”); id., at 936 (“Even if we assume that Wellons’s misconduct claims are not procedurally barred, they do not entitle Wellons to habeas relief”). But the per curiam states that the Court of Appeals’ consideration of the merits “may well have turned on the District Court’s finding of a procedural bar” and that “we cannot be sure that [the panel’s] reasoning really was independent of the Cone error.” Ante, at 222, 224.
Even worse, the per curiam unjustifiably suggests that the Court of Appeals gave at most only “perfunctory consideration” to petitioner’s claim that he was entitled to an evidentiary hearing and may not have “carefully reviewed” the relevant facts. Ante, at 220,222. The majority may not be satisfied with the Court of Appeals’ discussion, but the majority has no good reason for suggesting that the lower court did not give the issue careful consideration.
The District Court refused petitioner’s discovery request on the ground that petitioner did not make a sufficient showing to warrant interrogation of the jurors. As the detailed *230 opinion of the District Court reveals, the state habeas judge allowed petitioner’s attorneys to contact all of the jurors and relevant court personnel; the attorneys succeeded in contacting all but 1 of the jurors; 6 of the 11 jurors who were contacted, as well as the bailiffs and court reporter, were interviewed; and the attorneys made a proffer of the information provided by these interviewees.[1] There is no suggestion that the attorneys were restricted in the questions that they were permitted to ask the interviewees, and it appears that the jurors who were interviewed spoke freely, even discussing their understanding of the judge’s instructions on the law and the jury’s deliberations.[2] Cf. Fed. Rule Evid. 606(b). Interestingly, the proffer does not reflect that the attorneys asked any of the jurors what would appear to be the most critical question, namely, why the strange gifts were given to the judge or the bailiff.[3] See App. C to Pet. for Cert. *231 34-38. If any such questions had been asked and answers favorable to petitioner’s position had been provided, one would expect that information to appear in the proffer.
After examining the proffer made by petitioner’s attorneys, the District Court concluded that this submission did not justify formal discovery. With respect to what the per curiam describes as the “unreported ex parte contacts between the jury and the judge,” ante, at 221 — which apparently consisted of a brief exchange of words that occurred when the judge entered the room in a restaurant where the jurors were dining — the District Court concluded that “nothing that Petitioner has presented provides even the slightest indication that anything more than a simple greeting occurred,” App. C to Pet. for Cert. 43.
With respect to the gifts that were given to the judge and a bailiff after the trial ended, the District Court stressed that they were “inappropriate” and represented “an unusual display of poor taste in the context of a proceeding so grave as a capital trial,” ibid., but the court noted that petitioner had not proffered any evidence that any of the jurors or court personnel who were interviewed had said anything that substantiated the assertion that “an inappropriate relationship existed between the judge, the bailiff, and the jury,” id., at 44.
A fair reading of the Court of Appeals’ opinion is that that court likewise held that petitioner was not entitled to the discovery he sought because that discovery was unlikely to yield evidence substantiating his claim. See 554 F. 3d, at *232 935 (“When deciding whether to grant a federal habeas petitioner’s request for an evidentiary hearing, ‘a federal court must consider whether such a hearing could enable an applicant to prove the petition’s factual allegations, which, if true, would entitle the applicant to federal habeas relief’ ” (quoting Schriro v. Landrigan, 550 U. S. 465, 474 (2007))).
I agree with the Court that the strange and tasteless gifts that were given to the trial judge and bailiff are facially troubling, and I am certainly not prepared at this point to say that the decision below on the discovery issue was correct. But unlike the Court, I do not think it is proper for us to use a GVR to address this matter. The lower courts have decided the discovery issue, and now this Court has two options. First, if we wish to review the question whether petitioner made a sufficient showing to justify interrogation of the jurors, we should grant the petition for a writ of certiorari and decide that question. Second, if we do not wish to tackle that fact-bound question, we should deny review or GVR in light of a recent authority or development that casts doubt on the judgment of the court below. What the Court has done — using a GVR as a vehicle for urging the Court of Appeals to reconsider its holding on a question that is entirely independent of the ground for the GVR — is extraordinary and, in my view, improper.

 As the District Court observed, “[p]etitioner’s state habeas corpus counsel contacted all but one of the jurors seeking their comments.” App. C to Pet. for Cert. 34. The proffer shows that six jurors were interviewed: DeArmond, id., at 35, Henry, ibid., Givhan, id., at 36, Humphrey, id., at 37, Moore, ibid., and Smith, ibid. The Court’s description of some of the matters that the jurors mentioned during the interview confirms that these jurors “ 'spoke freely.’ ” See ante, at 221-222, n. 1.

 The per curiam assumes that the jurors who were interviewed must have spoken only “in the briefest of terms” because '“everything that Petitioner... learned’ ” “filled only a few sheets of paper.” Ante, at 222, n. 1. The mere fact that the unsworn proffer submitted by petitioner’s state habeas counsel consisted of four pages, see App. C to Pet. for Cert. 35-38, does not seem to me to provide a sufficient basis for concluding that the jurors interviewed spoke only “in the briefest of terms.” The length of the proffer is equally consistent with the possibility that the jurors interviewed spoke at length but did not supply information that petitioner’s counsel deemed helpful to his case.

 The main reason for the interviews was to inquire about the gifts, and the proffer shows that the jurors who were interviewed discussed this matter. See, e. g., id., at 35 (a juror “stated that “we,’ the jurors gave a pair of chocolate breasts to the bailiff and the chocolate penis just followed”); ibid, (a juror “stated that some of the jurors decided to send a pair of edible chocolate breasts to one of the female bailiffs and an edible *231 chocolate penis to the trial judge”); id., at 37 (a juror “remembered discussion about giving a chocolate penis to the judge”). Nevertheless, petitioner’s proffer includes no information as to why the gifts were given — not even a statement to the effect that the jurors interviewed were asked this question and said that they did not know. Cf. id., at 35 (noting that a particular juror “did not know whose idea it was to send the chocolate penis to the judge,” but not including any representation as to her understanding of why the gifts may have been given (emphasis added)).